UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
THE SEAWANHAKA CORINTHIAN
YACHT CLUB

        Plaintiff,                           05-cv-0646 (SJF)(ARL)

       -against-

                                 **OPINION & ORDER**

TARRA, *in rem*,

        Defendant.

------------------------------------------------------------X

FEUERSTEIN, J.

I.    Introduction

Plaintiff requests that the Court appoint a special process server pursuant to the Supplemental Rules for Certain Admiralty and Maritime Clams Rule C(3)(b)(ii). For the reasons set forth below, the request is denied.

II.    Background

This action concerns the fate of an apparently abandoned boat, the TARRA, which is currently stored in a facility owned by Plaintiff. Plaintiff commenced this *in rem* action on February 3, 2005, seeking to arrest the TARRA and recover the costs of various services for which it has allegedly not been paid.[1] This Court granted Plaintiff's application on February 4, 2005, and directed the Clerk of the Court to sign a Process of Maritime Arrest. However, the Court denied Plaintiff's application to appoint a special process server. Thus, this is a "second application" for the appointment of a Special Process Server. (Pl. Mem. at 2). Plaintiff does not

---

[1] In addition to the instant action, virtually identical actions for different vessels are pending before Judges Seybert and Hurley.

explain the legal theory under which it is allegedly entitled to request previously denied relief. Nevertheless, the Court will deem the application a motion for reconsideration or, in the alternative, for relief from a prior judgment or order under Fed. R. Civ. P. 60(b).

III. Analysis

The Supplemental Rules for Certain Admiralty and Maritime Claims Rule C(3)(b)(i) require that "[i]f the property that is the subject of the action is a vessel or tangible property on board a vessel, the warrant and any supplemental process *must be delivered to the marshal for service.*" (emphasis added). If, however, the property at issue is "other property, tangible or intangible," process may be served by, <u>inter alia</u>, "someone specially appointed by the court." Supplemental Rules for Certain Admiralty and Maritime Clams Rule C(3)(b)(ii). Plaintiff argues that pursuant to the "dead ship" doctrine, the TARRA is no longer a vessel because it has been indefinitely removed from the water, and is thereby eligible for service by a special process server under Rule C(3)(b)(ii).

A. Motion for Reconsideration

A motion for reconsideration must be filed within 10 days of the entry of the judgment at issue. E.D.N.Y. Local Civil Rule 6.3; Fed. R. Civ. P. 59(e); <u>United States v. Clark</u>, 984 F.2d 31, 32 (2d Cir. 1993). The order denying Plaintiff's request for a special process server was issued on February 4, 2005. The present letter application was filed on June 6, 2005. This is well beyond the 10 day period required under the local rules. Therefore, to the extent Plaintiff's letter is deemed a motion for reconsideration, it is denied as untimely.

B. Motion for Relief From Judgment or Order

Fed. R. Civ. P. 60(b) permits the Court, "upon such terms as are just," to relieve a party

from an order or judgment. Rule 60(b) enumerates six categories of cases which are eligible for relief under the rule:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff has not demonstrated, nor even attempted to demonstrate, that the Court's previous order falls into one of these categories. The only category into which Plaintiff's application could arguably be squeezed is the catch-all provision at Rule 60(b)(6). However, Plaintiff's argument that the TARRA is no longer a vessel is directly contradicted by its previous filings in this case. See, e.g., Verified Cmplt. ¶ 12.

IV. Conclusion

For the reasons set forth above, Plaintiff's application for appointment of a special process server is DENIED.

IT IS SO ORDERED.

*[signature]*

---

Sandra J. Feuerstein
United States District Judge

Dated: July 6, 2005
Central Islip, New York

Brian T. McCarthy  
Fowler, Rodriguez & Chalos  
366 Main Street  
Port Washington, NY 11050  
*Counsel for Plaintiff*